IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-HC-2101-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | FINDINGS OF FACT AND |
| | ) | CONCLUSIONS OF LAW |
| JEFFREY NEUHAUSER | ) | |

Petitioner, the United States of America ("the government") instituted this civil action on May 22, 2007, seeking to commit Jeffrey Neuhauser as a sexually dangerous person pursuant to the Adam Walsh Child Protection and Safety Act of 2006 ("the Act") [DE 1]. 18 U.S.C. § 4248. The government filed a certificate stating that mental health personnel for the Federal Bureau of Prisons ("BOP") examined Respondent and issued a preliminary determination that he is sexually dangerous within the meaning of the Act. A certificate filed under the Act stays Respondent's release from federal custody pending a hearing to determine whether Respondent qualifies for commitment as a sexually dangerous person. The government's petition was filed fifteen days prior to Respondent's scheduled date of release from BOP custody on June 6, 2007 [DE 1].

## BACKGROUND

An evidentiary hearing was held before this Court on November 22 and 23 and December 1 and 8, 2011 pursuant to 18 U.S.C. § 4247(d). On December 8, the Court directed the parties to

file proposed findings of fact and conclusions of law. After considering the testimony at the evidentiary hearing, the evidentiary record, and the parties' submissions, the Court makes the following findings of fact and conclusions of law pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure:

The Court adopts and incorporates as fully set forth herein Respondent's findings of fact and conclusions of law, excepting those portions that are inconsistent with the Fourth Circuit's holding in *United States v. Timms*, Nos. 11-6886 and 11-6941, 2012 WL 34477 (4th Cir. Jan. 9, 2012) [DE 99 at 5-6] and those portions that decline to address whether Mr. Neuhauser suffers from a serious mental illness, abnormality, or disorder [DE 99 at 8-9]. The Court concludes that although the government has met its burden to demonstrate that Respondent has committed acts of child molestation, the government has failed to establish by clear and convincing evidence that Mr. Neuhauser suffers from a serious mental illness, abnormality, or disorder because it has failed to show that hebephilia is a mental illness recognized by the mental health community. Even if hebephilia were a recognized mental illness, the government has failed to meet its burden to demonstrate that Mr. Neuhauser would have serious difficulty refraining from sexually violent conduct or child molestation if released. Therefore, the government is ordered to release Mr. Neuhauser.

Mr. Neuhauser has filed a Renewed Motion to Dismiss [DE 77] and a Motion for an Evidentiary Hearing [DE 78]. These Motions are DENIED as MOOT.

## DISCUSSION

To obtain a commitment order against Mr. Neuhauser, the government is required to establish three distinct facts by clear and convincing evidence: that Mr. Neuhauser (1) "has engaged or attempted to engage in...child molestation" in the past, 18 U.S.C. § 4247(a)(5); (2)

"currently suffers from a serious mental illness, abnormality, or disorder"; and (3) as a result of the illness, abnormality, or disorder, "would have serious difficulty in refraining from...child molestation if released," 18 U.S.C. § 4247(a)(6). *See United States v. Comstock*, 627 F.3d 513, 515-16 (4th Cir. 2010). "[C]lear and convincing has been defined as evidence of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established, and, as well, as evidence that proves the facts at issue to be highly probable." *Jimenez v. DaimlerChrysler Corp.*, 269 F.3d 439, 450 (4th Cir. 2001) (internal quotation marks, citations, and alterations omitted); *see also Addington v. Texas*, 441 U.S. 418, 423-24 (1979) (noting that the "clear and convincing" standard of proof is an "intermediate standard" that falls between a "mere preponderance of the evidence" and "beyond a reasonable doubt").

### 1. *Whether Respondent has engaged in or attempted to engage in sexually violent conduct or child molestation.*

The Court finds that the government has proven by clear and convincing evidence that Mr. Neuhauser has engaged in child molestation as described in the criminal and sexual offense history of Respondent's findings of fact [DE 99 at 3-4]. Mr. Neuhauser does not contest that he has engaged in child molestation in the past.

### 2. *Whether Respondent currently suffers from a serious mental illness, abnormality, or disorder.*

The government asserts that Respondent currently suffers from paraphilia not otherwise specified ("NOS"), hebephilia, defined by Dr. Zinik as a "sexual preference for pubescent minors." Pet'r Ex. 2. However, this purported mental illness is not listed as an accepted mental disorder in the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders* ("DSM-IV-TR"). Although hebephilia has been proposed to be included as a mental

disorder in the revision of the DSM, it has been rejected as a proper mental disorder by numerous psychologists, including Drs. Wollert and Lytton, who testified at the evidentiary hearing. Dr. Lytton noted that hebephilia "is an inappropriate diagnosis in this instance, and...pathologizing, or making a criminal action into a mental illness, was never the intention of the diagnostic category of paraphilia NOS." Resp't Ex. 3 at 83. The Court credits the testimony of Drs. Wollert and Lytton on this issue. Given that even the government's experts concede that characterization of hebephilia is a hotly contested issue in the mental health community, the Court finds that it would be inappropriate to predicate civil commitment on a diagnosis that a large number of clinical psychologists believe is not a diagnosis at all, at least for forensic purposes. Therefore, the Court finds that the government has failed to meet its burden to show that Mr. Neuhauser currently suffers from a serious mental illness, abnormality, or disorder.

### 3. Whether, as a result of the illness, abnormality, or disorder, the Respondent would have serious difficulty in refraining from sexually violent conduct or child molestation if released.

Even if this Court were to credit the government's assertion that Mr. Neuhauser suffers from hebephilia and that hebephilia could appropriately be considered a serious mental illness, the government has still failed to meet its burden that he would have serious difficulty in refraining from sexually violent conduct or child molestation if released. As noted by the Fourth Circuit in *United States v. Hall*,

> [t]he 'serious difficulty' prong of § 4248's certification proceeding refers to the degree of the person's "volitional impairment," which impacts the person's ability to refrain from acting upon his deviant sexual interests. *Kansas v. Hendricks*, 521 U.S. 346, 358 (1997) (noting that statutory requirements that couple proof of dangerousness with proof of a mental illness or abnormality "serve to limit involuntary civil confinement to those who suffer from a volitional impairment rendering them dangerous beyond their control"); *id.* at 357 (noting that civil commitment statutes may "provide[] for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety...provided the confinement takes place pursuant to proper procedures and evidentiary standards") (internal citations omitted); *see also Kansas v. Crane*, 534 U.S. 407, 414 (2002) (noting that "our cases suggest that civil

commitment of dangerous sexual offenders will normally involve individuals who find it particularly difficult to control their behavior.")

*United States v. Hall*, No. 11-7102, 2012 WL 34481, at *5 (4th Cir. Jan. 9, 2012).

Each of the testifying experts relied, to a greater or lesser degree, on actuarial instruments. These instruments include the Static 99-R, the Static 2002-R, the MnSOST-R, and MATS-1. The Court adopts Respondent's findings of fact on the results of these actuarial assessments and testimony regarding the application of these assessments by each expert. It should be noted that results of these assessments depend heavily on the choice of reference group to which the respondent is compared. Because Drs. Wollert and Lytton analyzed their actuarial results in light of Mr. Neuhauser's advanced age, his ability to control his behavior while in the community, his pattern of offending (in particular, the fact that his first victim was by force and later victims willingly participated even though they could not give legal consent due to their age), and the fact that Mr. Neuhauser had not been subject to any deterrent sanctions until his most recent prison sentence, the Court finds their actuarial assessments to more accurately reflect Mr. Neuhauser's likelihood of recidivism.

Perhaps most importantly, the Court finds Mr. Neuhauser to be a credible witness. He frankly acknowledged his past crimes and appeared genuinely remorseful for his behavior. He openly discussed his sexual orientation toward pubescent boys but demonstrated a true understanding that boys of that age are unable to legally consent to sexual activity, even if they appear to him to be willing to engage in sexual contact. Mr. Neuhauser has taken the admittedly rare step of independently seeking both funding and sex offender treatment in the event of his release. Resp't Ex. 17-21. He appears to the Court to have a genuine desire and ability to conform his behavior to the law upon his release.

Furthermore, Mr. Neuhauser will be on supervised release for a term of five years upon

his release from BOP custody. Pet'r Ex. 9, 12. The amended conditions of his supervised release include, among other requirements, participation in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders, registration as a sex offender, submission to polygraph testing, restrictions on the possession and use of a computer, prohibitions on the access and possession of pornographic material or pictures of juveniles under the age of eighteen, and prohibitions on contact with anyone under the age of eighteen. Resp't Ex. 15.

It is important to note that Mr. Neuhauser's sexual orientation toward pubescent boys, which he openly admitted in his testimony is, standing alone, insufficient to justify his civil commitment under the Adam Walsh Act. As the Fourth Circuit reiterated in its recent decision in *United States v. Hall* regarding "serious difficulty",

> It is enough to say that there must be proof of serious difficulty in controlling behavior. And this, when viewed in light of such features of the case as the nature of the psychiatric diagnosis, and the severity of the mental abnormality itself, must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case.

*Hall*, 2012 WL 34481, at *5 (4th Cir. Jan. 9, 2012) (citing *Crane*, 534 U.S. at 413 (internal quotation marks omitted)). In this case, the Court finds that Mr. Neuhauser has demonstrated a genuine desire and ability to conform his behavior to the law, in spite of his sexual orientation toward pubescent boys.

## CONCLUSION

For the foregoing reasons, judgment shall be entered in favor of Respondent, Jeffrey Neuhauser, and against the Petitioner, the United States of America. The government is ORDERED to release the Respondent, Jeffrey Neuhauser, forthwith to the custody and supervision of the appropriate United States Probation Office. This action is hereby

DISMISSED. Mr. Neuhauser's pending Renewed Motion to Dismiss [DE 77] and Motion for Evidentiary Hearing [DE 78] are DENIED as MOOT.

SO ORDERED. This 19 day of January, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE