UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2101-BO

| UNITED STATES OF AMERICA | OPPOSITION TO EMERGENCY |
|---|---|
| v. | MOTION FOR STAY |
| JEFFREY NEUHAUSER | |

On January 20, 2012,[1] this Court found in favor of Mr. Neuhauser and ordered the government "to release the Respondent, Jeffrey Neuhauser, forthwith to the custody and supervision of the appropriate United States Probation Office." (D.E. No. 101 at 6). Federal Rule of Civil Procedure 62(a) automatically stays the execution of a judgment for 14 days. Mr. Neuhauser agrees with the government that the Rule 62 automatic stay ends today and that this Court's January 20, 2012 Order takes effect. Mr. Neuhauser, however, disagrees that the government has met the high burden required to obtain a stay of its order pending appeal or until March 20, 2012. Accordingly, he respectfully requests that this Court deny the government's motion and order Mr. Neuhauser's immediate release.

**ARGUMENT**

**A.    The Government is unlikely to win on appeal.**

The Government must do more than merely assert that it may win on appeal or that there is a reasonable probability that it will win on appeal. There must a "strong showing" required to

---

[1]The order was signed on January 19, 2012, but entered on the docket on January 20, 2012.

compel this Court to indefinitely stay its order pending appeal that "is more stringent than the 'reasonable probability' standard that is applicable to a preliminary injunction." *Davis v. Meyers,* 101 F.R.D. 67, 69 (D. Nv. 1984), *see also Bayless v. Martine*, 430 F.2d 873, 879 (5th Cir. 1970) (noting that one needs to make a "stronger showing" than "reasonable probability of success on the merits" in order to obtain the "grant of a stay and the issuance of an injunction pending a hearing on the merits of an interlocutory appeal"). The government must do more, in other words, than simply assert that it might win on appeal, or even that it is reasonably probable that it will win on appeal.

The government cannot do any of those things because the government is *unlikely* to win on appeal. This Court found that the government failed to meet its burden of proof on two of the three statutory requirements for commitment. The government, of course, must demonstrate that this Court clearly erred in making *both* of those findings in order to prevail on appeal–a much higher burden than simply finding reversible error in one of this Court's findings.

Additionally, the government incorrectly attempts to re-frame this Court's Order as relying solely on contentious legal issues or asserts error in things that this Court *did not actually say*, but, according to the government, "appeared" to say. Government Motion at 13-14. As this Court is aware, however, its Order relies on factual findings and credibility determinations well within its discretion. *Accord United States v. Hall*, ___ F.3d ___, 2012 U.S. App. LEXIS 380 (4th Cir.). Simply put, the government is not likely to succeed on the merits of an appeal when, as is the case here, the district court makes well-supported record-based factual findings and credibility determinations and bases it conclusion on those findings. *Id.*

2

**B.      The government has not demonstrated irreparable injury**

This Court has determined that Mr. Neuhauser is not currently sexually dangerous. Additionally, Mr. Neuhauser will be released to the supervision of a United States Probation Officer to begin service of his term of supervised release and will be required to register as a sex offender. He will be subject to stringent supervision which protects the government's interest in this case. Any harm to the government "is so mitigated by the terms of supervised release" that the government "will not suffer irreparable injury." *Incorporated by reference, United States v. Timms,* 5:089-HC-2160-BO) (Eastern District of North Carolina, filed April 6, 2010).

**C.      The government has not demonstrated injury to other parties.**

The government, of course, has the opportunity to return to the Mr. Neuhauser's sentencing court and, if it feels that it is appropriate, seek modification of the terms of supervised release. The government's interest, therefore, does not operate as a binary choice between freedom and incarceration for Mr. Neuhauser. Instead, when weighing the government's interest, this Court should account for the fact that the government has an exceptionally powerful tool through which to achieve its interest without forcing this Court to stay its order.

Of greater importance is the fact that the government fails to address the harm that a stay will impose on Mr. Neuhauser. Right now, he is being detained under a law that does not apply to him. Mr. Neuhauser has an overwhelming interest in freedom from unlawful incarceration. To continue to deprive him of his liberty after finding that he is not sexually dangerous clearly outweighs any interests of the government.

**D. The Public Interest Lies In Effectuating The Order**

The government asserts that all three branches of the federal government have articulated that the public interest lies in favor of keeping dangerous inmates who are in the custody of the United States from being released to the community, at least until the courts have fully and finally considered the appeal of the case. District courts who have confronted this question understand that ascertaining the "public interest" when determining whether to subject suspected sex offenders to civil deprivation of Constitutional rights requires balancing multiple concerns:

> As the fourth factor, the court considers the public interest. [The government] argue[s] that because of the high risks of recidivism posed by predatory offenders, there is strong public interest in continuing [its] proactive compliance practices. The court acknowledges that there is great public interest in monitoring predatory offenders. However, there is an equally strong public interest in preserving constitutional rights. Because the [government] has a means of monitoring predatory offenders without jeopardizing constitutional rights . . .the greater public interest is in issuing an injunction to protect plaintiffs' constitutional rights.

*Doe v. LaDue*, 514 F. Supp. 2d 1131, 1138 (D. Minn. 2007)(internal citation omitted).

In the present case, the government "has a means of monitoring [alleged] predatory offenders without jeopardizing constitutional rights"–supervised release. This solution, available to the government if it chooses to use it, considers both the public interest in safety and the public interest in constitutional rights. In addition, even if the government did not have supervised release available, the public interest in a government that does not detain an individual where there has been a finding that he is not sexually dangerous after a full hearing where the government had the opportunity to present evidence outweighs the public safety interest.

4

Petitioner also alleges that Congress, the President, and the Supreme Court have expressed a public interest in favor of commitment in this case. The citations supporting these allegations, however, prove nothing more than the axiomatic points that Congress and the President agreed with a bill that they passed into law and that the Supreme Court understands the need to balance individual liberty with government policing concerns. However, Congress, the President, and the Supreme Court all also support the public interest in the rule of law and the importance of individual liberty to the functioning of a free society.

## CONCLUSION

For the foregoing reasons, Mr. Neuhauser objects to the government's motion to stay the effectuation of this Court's order pending appeal. Mr. Neuhauser respectfully requests this Court to enter an order directing the government to immediately release Mr. Neuhauser to begin service of his term of supervised release.

Respectfully submitted this 3rd day of February, 2012.

THOMAS P. MCNAMARA
Federal Public Defender

/s/ Suzanne Little
SUZANNE LITTLE
Assistant Federal Public Defender
Attorney for Respondent
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236, Fax: 919-856-4477
E-mail: Suzanne_little@fd.org
VA State Bar No. 31344
LR 57.1 Counsel, Appointed

/s/ Raymond C. Tarlton
RAYMOND C. TARLTON
Assistant Federal Public Defender

Attorney for Respondent
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236, Fax: 919-856-4477
E-mail: raymond_tarlton@fd.org
NC State Bar No. 38784
LR 57.1 Counsel, Appointed

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing ***Opposition*** was served upon:

**G. Norman Acker, III**　　　　　　　　**David T. Huband**
**R.A. Renfer, Jr.**　　　　　　　　　　**Michael E. Lockridge**
U. S. Attorney's Office　　　　　　　　Bureau of Prisons, Legal Dept.
Rm. 800, 310 New Bern Ave.　　　　　P.O. Box 1600, Old Highway 75
Raleigh, NC 27601　　　　　　　　　Butner, NC 27509
Email: norman.acker@usdoj.gov　　　Email: dhuband@bop.gov
Email: rudy.renfer@usdoj.gov　　　　Email: mlockridge@bop.gov


by electronically filing the foregoing with the Clerk of Court on February 3rd, 2012 using the CM/ECF system which will send notification of such filing to the above, and by U.S. Mail to:

Jeffrey Neuhauser
Reg. No. 43446-083
FCI-Butner I
P.O. Box 1000
Butner, NC 27509

　　This the 3rd day of　February, 2012.

　　　　　　　　　　　　　　　/s/ Suzanne Little
　　　　　　　　　　　　　　　SUZANNE LITTLE
　　　　　　　　　　　　　　　Assistant Federal Public Defender
　　　　　　　　　　　　　　　Attorney for Respondent
　　　　　　　　　　　　　　　Office of the Federal Public Defender
　　　　　　　　　　　　　　　150 Fayetteville Street, Suite 450
　　　　　　　　　　　　　　　Raleigh, North Carolina 27601
　　　　　　　　　　　　　　　Telephone: 919-856-4236, Fax: 919-856-4477
　　　　　　　　　　　　　　　E-mail: suzanne_little@fd.org
　　　　　　　　　　　　　　　VA State Bar No. 31344
　　　　　　　　　　　　　　　LR 57.1 Counsel, Appointed